Andre STEVENS

v.

Jeffrey BEARD *, Commissioner, Pennsylvania Department of Corrections; Conner Blaine, Superintendent of the State Correctional Institution at Greene; Joseph P. Mazurkiewicz, Superintendent of the State Correctional Institution at Rockview, Appellant in No. 04–9011,

(* Amended in accordance with the Clerk's Order of July 19, 2007)

---

2. Appellants' motions for appointment of counsel are denied as moot.

Andre Stevens, Appellant
in No. 04–9013,

v.

Jeffrey Beard, Commissioner, Pennsyl-
vania Department of Corrections;
Conner Blaine, Superintendent of the
State Correctional Institution at
Greene; Joseph P. Mazurkiewicz, Su-
perintendent of the State Correctional
Institution at Rockview.

Nos. 04–9011, 04–9013.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) on July 6, 2006.

Decided on July 7, 2006.

On Remand from the Supreme Court
of the United States by
Order of June 11, 2007.

Filed: July 25, 2008.

Matthew C. Lawry, Philadelphia, PA,
for Andre Stevens.

Christopher D. Carusone, Harrisburg,
PA, for Appellant.

Before: ALDISERT, NYGAARD, and
VAN ANTWERPEN, Circuit Judges.

OPINION

VAN ANTWERPEN, Circuit Judge.

This capital habeas case is before us
again on an order of the Supreme Court of
the United States, which granted the peti-
tion for writ of certiorari filed by the Com-
monwealth of Pennsylvania, vacated the
judgment of this court, and remanded for
further consideration in light of the
Court's opinion in *Uttecht v. Brown,* ——
U.S. ——, 127 S.Ct. 2218, 167 L.Ed.2d
1014 (2007). We will reinstate our original
judgment to the extent that it affirmed the
District Court's denial of relief on Andre
Stevens's sole guilt-phase claim. As we
explain briefly below, we will otherwise
remand the case for further proceedings.

I.

For present purposes, we need not, and
do not, recite the factual and procedural
history of the case in any detail. It is
sufficient to note that Stevens's habeas
petition raised a single claim related to the
determination of his guilt as well as sever-
al claims targeted at his capital sentence.
The District Court denied relief on the
guilt-phase claim, which alleged that trial

counsel had ineffectively failed to formulate and press a diminished capacity defense. It granted relief on one of Stevens's sentencing claims, a claim that a potential juror was improperly excluded under *Witherspoon v. Ill.,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). It did not reach Stevens's remaining sentencing claims.

Both Stevens and the Commonwealth appealed. We affirmed the judgment of the District Court in all respects. *Stevens v. Horn,* 187 Fed.Appx. 205, 216–17 (3d Cir.2006) (nonprecedential). Each side sought review in the Supreme Court. Stevens's petition for writ of certiorari was denied. *Stevens v. Beard,* —— U.S. ——, 127 S.Ct. 1376, 167 L.Ed.2d 165 (2007). The Commonwealth's petition was successful, and the Court vacated our judgment and remanded for further consideration in light of *Uttecht. Beard v. Stevens,* —— U.S. ——, 127 S.Ct. 2966, 168 L.Ed.2d 260 (2007). We directed the parties to address in supplemental briefs the effect of *Uttecht* on this matter. These supplemental briefs have been received, and the matter is now ripe for further consideration.

## II.

First, we return briefly to the disposition of Stevens's sole guilt-phase claim. We addressed that claim in detail in our original opinion, agreeing with the District Court that Stevens had not established that his trial counsel ineffectively failed to investigate, develop, and present a diminished capacity defense. *See Stevens,* 187 Fed.Appx. at 206–12, 216–17. The Supreme Court denied Stevens's petition for writ of certiorari as to this claim. Accordingly, we will reinstate the portion of our original opinion and judgment that rejected Stevens's guilt-phase claim.

What remains is the Commonwealth's appeal of the District Court's determina-

tion, under *Witherspoon,* that the trial court improperly removed a potential juror based on her moral opposition to capital punishment. Having carefully considered *Uttecht,* the prior opinions in this case, and the parties' supplemental briefs, we conclude that Stevens's *Witherspoon* claim is best addressed anew by the District Court in the first instance. Unsurprisingly, the parties vigorously dispute the effect of *Uttecht* on the case. In the Commonwealth's view, *Uttecht* "provides an explicit framework ... that differs in several important respects" from the one we previously utilized. Commonwealth's Supplemental Brief, 3. Stevens contends, by contrast, that *Uttecht* "was an application of the well-established principles of *Witherspoon* and its progeny," which we "already applied." Stevens's Supplemental Brief, 2. Obviously, the District Court's findings of fact were not made with *Uttecht* in mind. We decline at this juncture to attempt to provide a definitive gloss on the Supreme Court's new opinion.

We emphasize that we are fully committing the remanded proceedings to the sound discretion of the District Court. We offer only these few observations. First, because *Uttecht* stresses the importance of an attorney's failure to object to a potential juror's exclusion, *see Uttecht,* 127 S.Ct. at 2229–30, the District Court may wish to consider one of Stevens's other sentencing claims—that counsel ineffectively failed to object to the removal of Hartling—contemporaneously. Although we do not reach the question at this time, it may be the case that general factfinding concerning the sentencing court's conduct of voir dire, or more specific factfinding concerning counsel's failure to object to Hartling's exclusion, would be helpful to the proper resolution of Stevens's *Witherspoon* claim. Also, we stress that we do not mean to suggest that the District Court must nec-

essarily turn its attention first to Stevens's *Witherspoon* claim. If the District Court determines on remand that it would be more efficient to begin with other of Stevens's unresolved sentencing claims, it will, of course, be free to do so.

Finally, we note that federal review of Stevens's conviction and death sentence has already been lengthy. We are confident that the District Court will make the timely resolution of Stevens's habeas petition a priority.

### III.

We will affirm the District Court's denial of habeas relief on Stevens's claim that his attorney rendered ineffective assistance at the guilt phase (C.A. No. 04–9013). As to Stevens's *Witherspoon* claim (C.A. No. 04–9011), we will vacate the District Court's judgment and remand for further proceedings consistent with *Uttecht.*